UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER THOMAS,<br><br>                Plaintiff,<br><br>v.<br><br>SAN DIEGO POLICE DEPARTMENT,<br>ET AL,<br><br>                Defendants. | Case No.: 3:25-cv-02628-JAH-MSB<br><br>**ORDER**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF NO. 2)**<br><br>**2) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

## **INTRODUCTION**

On October 3, 2025, Plaintiff Christopher Thomas ("Plaintiff"), proceeding *pro se*, filed a complaint seeking injunctive relief, as well as damages against the San Diego Police Department and six other named Defendants (collectively, "Defendants") alleging civil rights violations after his arrest and prosecution. *See* ECF No. 1 ("Complaint" or "Compl."). Plaintiff's Complaint alleges four causes of action under 42 U.S.C. § 1983. *Id.* Plaintiff failed to pay the required civil filing fees on time pursuant to 28 U.S.C. §1914(a). Instead, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP"), pursuant to 28 U.S.C. §1915(a). *See* ECF No. 2 ("Motion"). After careful review of the Complaint, and for the reasons set forth below, Plaintiff's Motion is **GRANTED**, and the causes of action are **DISMISSED without prejudice and with leave to amend.**

//

//

1

## DISCUSSION

### I.      Plaintiff's IFP Motion

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1]  *See* 28 U.S.C. § 1914(a).  However, pursuant to 28 U.S.C. §1915(a)(1), if the plaintiff is granted leave to proceed IFP, he may proceed despite failure to pay the entire fee. *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  For a court to grant leave to proceed IFP, the plaintiff is required to submit an affidavit, including a statement of all his assets, showing his inability to pay the statutory fee.  28 U.S.C. § 1915(a).  The plaintiff need not be penniless to proceed IFP, rather the affidavit need only state the plaintiff cannot, "because of his poverty[,] pay or give security for costs ... and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotations omitted).  "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether affiant has satisfied the statute's requirement of indigency." *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), rev'd on other grounds, 506 U.S. 194 (1993) (internal citations omitted).

In support of his Motion, Plaintiff filed an application to proceed without paying fees or costs. *See* ECF No. 2.  The application reflects that Plaintiff has been unemployed for two years and has no monthly income. *Id.*  Plaintiff owns a 2006 Chevy HHR valued at approximately $500 and maintains a balance of $286.43 in a Chase bank account. *Id.*  Plaintiff reports no additional assets and incurs approximately $400 in monthly expenses for credit card payments, hotels, and food. *Id.*  Based on the affidavit, the Court finds that

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

3:25-cv-02628-JAH-MSB

Plaintiff cannot pay the filing fee to commence his suit.  Accordingly, this Court **GRANTS** Plaintiff's Motion to proceed IFP.

## II.    Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

### A. Standard of Review

A plaintiff who seeks leave to proceed IFP subjects their complaint to *sua sponte* review, and mandatory dismissal, if the action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("section 1915(e) not only permits but requires, a district court to dismiss an in forma pauperis complaint that fails to state a claim") (citation omitted).  "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (internal citation omitted).  Moreover, when the plaintiff is proceeding *pro se*, these pleading standards are even less stringent because "[a] document filed *pro se* is 'to be liberally construed[.]'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted).

Rule 12(b)(6) challenges the sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A complaint may be dismissed as a matter of law because of a "lack of a cognizable legal theory or [ ] insufficient facts under a cognizable legal claim."  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  Although Rule 12(b)(6) does not require detailed essential facts, it must plead sufficient facts that, if true, "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted).  If the court finds a complaint fails to state a claim, the court "should grant leave to amend, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (internal quotation marks and citation omitted).

3:25-cv-02628-JAH-MSB

**B. Insufficiency of Complaint**

To state a claim under § 1983, a plaintiff must allege: (1) the deprivation of a right secured by the Constitution and federal laws, and (2) "the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (internal citations omitted).

### 1. Plaintiff's False Arrest Claim

Plaintiff alleges that Defendants violated his Fourth Amendment rights by unlawfully arresting and detaining him without probable cause. Compl. at 2. To prevail on a false arrest claim under the Fourth Amendment, the plaintiff must "demonstrate that there was no probable cause to arrest him." *Norse v. City of Santa Cruz*, 629 F.3d 966, 978 (9th Cir. 2010) (quoting *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam)). A probable cause inquiry "merely asks whether, under the totality of the circumstances, a prudent officer would have believed there was a fair probability that [a person] committed a crime." *United States v. Collins*, 427 F.3d 688, 691 (9th Cir. 2005).

Here, Plaintiff alleges that "[o]n or about February 2, 2022, [he] was arrested by members of the San Diego Police Department." Compl. at 2. He does not identify which Defendants he intends to pursue the claim against. *Id.* He also provides no factual allegations regarding the circumstances of the arrest nor the absence of probable cause. *See id.* Absent specific facts about the arrest, the Court cannot assess whether probable cause existed. Accordingly, Plaintiff fails to state a plausible claim for false arrest.

### 2. Plaintiff's Fourteenth Amendment Claims

Plaintiff alleges that Defendants violated his Fourteenth Amendment rights by suppressing exculpatory evidence in violation of *Brady*[2], coercing him to accept an unjust plea, and maliciously prosecuting him. *Id.*

//

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

### i.    Brady Violation

The Due Process Clause of the Fourteenth Amendment prohibits "the suppression by the prosecution of evidence favorable to an accused upon request … where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. There are three components to a *Brady* violation: "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).

Here, Plaintiff alleges that "prosecutors possessed surveillance evidence that clearly established [his] innocence." Compl. at 2. He alleges that prosecutors continued to pursue charges against him, which he contends violated his *Brady* rights. *Id.* Plaintiff does not detail the types of alleged surveillance evidence, nor does he allege how the evidence was suppressed by prosecutors. Absent such facts, the Court cannot determine if a *Brady* violation occurred. Accordingly, Plaintiff fails to state a plausible claim for a *Brady* violation.

### ii.    Plea Coercion

A guilty plea violates the Constitution if it is not voluntary and intelligent. *Brady v. United States*, 397 U.S. 742, 747 (1970) (citing *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)). Plaintiff alleges "[p]rosecutors attempted to coerce Plaintiff into accepting a 'three-strike' plea despite Plaintiff having no prior criminal history." Compl. at 2. Plaintiff indicates that he did not accept any guilty plea, thus no deprivation occurred. *See Mabry v. Johnson*, 467 U.S. 504, 507-08 (1984) ("A plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest. It is the ensuing guilty plea that implicates the Constitution."). Accordingly, Plaintiff fails to state a plausible claim for plea coercion.

//

3:25-cv-02628-JAH-MSB

### iii.    Malicious Prosecution

To state a § 1983 claim for malicious prosecution, a plaintiff must show that "the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right. *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) (internal citations omitted). The prosecution must also have terminated in the acquittal or discharged of the accused. *See Thompson v. Clark*, 596 U.S. 36, 44 (2022).

Here, Plaintiff alleges that after refusing to accept a plea deal, "[d]efendants retaliated by repeatedly delaying the case for approximately 2.5 years, leaving Plaintiff under the burden of a pending violent felony charge." Compl. at 2. He also states this was to "[punish] him for exercising his constitutional right to trial." *Id.* Plaintiff does not identify which Defendants he intends to pursue the claim against. *Id.* Even if the Complaint is liberally construed to show malice, Plaintiff fails to allege facts showing that Defendants prosecuted him without probable cause, or that they did so for the purpose of denying him equal protection or another constitutional right. *See id.* Absent such facts, the Court cannot determine whether Defendants prosecuted him without probable cause and for the purpose of denying a specific constitutional right. Accordingly, Plaintiff fails to state a plausible claim for malicious prosecution.

### 3. Plaintiff's Retaliation Claim

Plaintiff alleges that "Defendants retaliated against Plaintiff for refusing to accept a plea bargain by intentionally delaying proceedings for over two years, punishing him for exercising his constitutional right to a trial." *Id.* at 2.

In reviewing a claim of retaliation for the exercise of constitutionally-protected rights, the Court considers: (1) whether the Plaintiff was engaged in an activity that is entitled to constitutional protection; (2) whether their exercise of the constitutionally-protected right was a substantial or motivating factor in the defendant's action; and (3) whether the defendant has established that it would have taken the same action in the

3:25-cv-02628-JAH-MSB

absence of the protected conduct.  *Rendish v. City of Tacoma,* 123 F.3d 1216, 1219 (9th Cir. 1997) (internal citations omitted).

Here, Plaintiff does not identify which Defendants he intends to pursue the claim against.  Compl. at 2.  Plaintiff does not allege facts showing that Defendants "intentionally delay[ed] proceedings."  *See id.*  Absent such facts, the Court cannot determine whether Plaintiff exercising his right to trial was a substantial or motivating factor in Defendants' actions.  Accordingly, Plaintiff fails to state a plausible claim for retaliation.

### 4.  Plaintiff's *Monell* Claim

Plaintiff seeks to assert a *Monell*[3] claim against the City of San Diego and the San Diego Police Department, stating "[t]he violations resulted from the policies, customs, or practices of the City of San Diego and the San Diego Police Department, including failure to supervise and discipline employers who engaged in misconduct.  *Id.* at 2.

Municipalities may be held directly liable under 42 U.S.C. § 1983 for constitutional violations, but are not liable based on a respondeat superior theory.  *Monell*, 436 U.S. at 691.  A municipality may be liable under § 1983 if an employee commits an alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity.  *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).  Absent a formal governmental policy or procedure, plaintiff must show a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity."  *Id.* (citing *Gillette v. Delmore*, 970 F.2d 1342, 1346-47 (9th Cir. 1992)).  "[A] custom or practice can be inferred from ... evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded."  *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1027 (9th Cir. 2015); (citing *Hunter v. Cnty of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011)) (internal quotation marks omitted).

---

[3] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

3:25-cv-02628-JAH-MSB

Here, Plaintiff conclusively states that the City of San Diego and the San Diego Police Department "fail[ed] to train, supervise, or discipline officers and prosecutors engaged in coercive plea bargaining and suppression of evidence." Compl. at 2. Plaintiff fails to allege facts showing that Defendants failed to train, supervise, or discipline officers and prosecutors, and neither the officers nor prosecutors were discharged or reprimanded as a result of repeated violations. *See id.* Finally, Plaintiff does not allege facts that any such failure caused the alleged constitutional violations. *See id.* Absent such facts, the Court cannot determine if a *Monell* violation occurred. Accordingly, Plaintiff fails to state a plausible claim for his *Monell* claim.

## CONCLUSION

For all the reasons discussed above, IT IS HEARBY ORDERED:

1. Plaintiff's Motion for Leave to Proceed IFP, pursuant to 28 U.S.C. § 1915(e), is **GRANTED**.

2. Plaintiff's case is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Court **GRANTS** Plaintiff forty-five (45) days from the date of this order to file an Amended Complaint which cures the deficiencies of the pleading described herein. Plaintiff is cautioned, however, that should he choose to file an Amended Complaint, it must be complete by itself, comply with the Federal Rules of Civil Procedure, including Rule 8(a), and that any claim not re-alleged will be considered waived. See S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original"); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be considered "waived if not replied"). A failure to file an Amended Complaint will result in dismissal of this action without further order of the Court.

//

//

3:25-cv-02628-JAH-MSB

Dated:  March 5, 2026

_____
Hon. John A. Houston
United States District Judge

3:25-cv-02628-JAH-MSB