UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER THOMAS,
Plaintiff,

v.

SAN DIEGO POLICE DEPARTMENT, ET AL.,
Defendants.

Case No.: 3:25-cv-02628-JAH-MSB

**ORDER DISMISSING SECOND AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)**

**INTRODUCTION**

On October 3, 2025, Plaintiff Christopher Thomas ("Plaintiff"), proceeding *pro se*, filed a complaint against the San Diego Police Department ("SDPD") and six other named Defendants, alleging civil rights violations after his arrest and prosecution. *See* ECF No. 1. Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion"), pursuant to 28 U.S.C. §1915(a). *See* ECF No. 2. After granting Plaintiff's IFP Motion and screening the complaint pursuant to 28 U.S.C § 1915(e)(2)(B)(ii), the Court dismissed the complaint without prejudice and with leave to amend. *See* ECF No. 3.

On March 17, 2026, Plaintiff filed a First Amended Complaint ("FAC") alleging four causes of actions under 42 U.S.C § 1983. *See* ECF No. 4. In the FAC, Plaintiff sought monetary damages, as well as other relief against the SDPD and two other named defendants. *Id*. After screening the FAC pursuant to 28 U.S.C § 1915(e)(2)(B)(ii), the Court dismissed the FAC without prejudice and with leave to amend. *See* ECF No. 5.

On April 29, 2026, Plaintiff filed a Second Amended Complaint ("SAC") seeking monetary damages, as well as other relief against one individual defendant, Officer Stonier ("Defendant"). *See* ECF No. 6. Plaintiff's SAC alleges three causes of actions under 42 U.S.C § 1983. *Id*. Pursuant to Federal Rule of Civil Procedure 8(a), because Plaintiff's fourth claim alleged in the FAC (*Monell* claim against SDPD) is not re-alleged in the SAC, the Court considers it waived. *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original"); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be considered "waived if not repled").

After careful review of the SAC, and for the reasons set forth below, Plaintiff's causes of actions are **DISMISSED without prejudice and with leave to amend.**

## DISCUSSION

### I. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

#### A. Standard of Review

A plaintiff granted leave to proceed IFP subjects their complaint to *sua sponte* review, and mandatory dismissal, if the action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim") (citation omitted). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (internal citation omitted). Moreover, when the plaintiff is proceeding *pro se*, these pleading standards are even less stringent because "[a] document filed *pro se* is 'to be liberally construed[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted).

Rule 12(b)(6) challenges the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint may be dismissed as a matter of law because of a "lack of a cognizable legal theory or [ ] insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Although Rule 12(b)(6) does not require detailed essential facts, it must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). If the court finds a complaint fails to state a claim, the court "should grant leave to amend, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (internal quotation marks and citation omitted).

**B. Insufficiency of Complaint**

To state a claim under § 1983, a plaintiff must allege: (1) the deprivation of a right secured by the Constitution and federal laws, and (2) "the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (internal citations omitted).

**1. Plaintiff's False Arrest Claim**

Plaintiff alleges that "Defendant arrested [him] without probable cause." SAC at 1. To prevail on a false arrest claim under the Fourth Amendment, the plaintiff must "demonstrate that there was no probable cause to arrest him." *Norse v. City of Santa Cruz*, 629 F.3d 966, 978 (9th Cir. 2010) (quoting *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam)). A probable cause inquiry "merely asks[,] whether, under the totality of the circumstances, a prudent officer would have believed that there was a fair probability that [a person] committed a crime." *United States v. Collins*, 427 F.3d 688, 691 (9th Cir. 2005).

Here, Plaintiff alleges that "[o]n February 22, [he] was involved in a vehicle accident near Main Street and Interstate 5 in San Diego, California." SAC at 1. Plaintiff alleges that "[t]wo officers initially responded and treated the matter as a civil traffic incident" and

"[a]pproximately twenty minutes later, Defendant Stonier arrived. Stonier initially detained William Jenkins." *Id.* Next, Plaintiff alleges that "[w]hile handcuffed, Jenkins made inconsistent claims that Plaintiff had a gun, knife, or crowbar, then [Jenkins] stated he did not know." *Id.* Plaintiff also alleges "[n]o weapon was recovered. No witness observed [him] commit a crime," and "Jenkins admitted he did not know Plaintiff and speculated about a possible affair without evidence." *Id.* Plaintiff further alleges that "[d]espite the lack of evidence and inconsistent accusations, [Defendant] arrested him," and "[Defendant] claimed pliers had blood on them without testing; later evidence showed this was false." *Id.* Finally, Plaintiff alleges that "Jenkins later testified his injury came from broken glass after the crash." *Id.*

However, "[f]acts uncovered after the arrest are irrelevant." *Collins*, 427 F.3d at 691 (internal citation omitted). Although the SAC provides more detail about the events leading up to and including the arrest than the FAC, Plaintiff still has not alleged specific facts sufficient to show that "[a] reasonable officer would not have believed probable cause existed." SAC at 1. Even if construed liberally to suggest that Mr. Jenkins's "inconsistent" or "unsupported" statements led to Plaintiff's arrest, the facts alleged in the SAC do not satisfy Plaintiff's burden of showing a lack of probable cause. *See* SAC. Absent more specific facts, the Court cannot assess whether probable cause existed. Accordingly, Plaintiff fails to state a plausible claim for false arrest.

**2. Plaintiff's Malicious Prosecution Claim**

"A criminal defendant may maintain a malicious prosecution claim not only against prosecutors but also against others—including police officers and investigators—who wrongfully caused his prosecution." *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011) (internal citation omitted). To state a § 1983 claim for malicious prosecution, a plaintiff must show that "the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)

(internal citations omitted). The prosecution must also have terminated in the acquittal or discharge of the accused. *See Thompson v. Clark*, 596 U.S. 36, 44 (2022).

Here, Plaintiff alleges "Defendant caused charges to be initiated and continued based on unreliable statements and false information." SAC at 2. Along with the facts Plaintiff alleges about his arrest on February 2, 2022, Plaintiff indicates that the criminal proceedings against him proceeded for "over two years" and terminated with an acquittal. *Id.* at 1. However, Plaintiff has already failed to allege specific facts showing a lack of probable cause for his false arrest claim, and he cannot satisfy the probable cause element of malicious prosecution on those same facts. *See* SAC. Beyond the conclusory allegation that the charges rested on "unreliable statements and false information," Plaintiff offers no new facts showing that Defendant acted maliciously and initiated criminal proceedings against him without probable cause. SAC at 2. Absent such facts, the Court cannot determine whether Defendant initiated criminal proceedings against Plaintiff without probable cause or with malice, and for the purpose of denying a specific constitutional right. *Freeman*, 68 F.3d at 1189. Accordingly, Plaintiff fails to state a plausible claim for malicious prosecution.

**3. Plaintiff's Fabrication of Evidence Claim**

Plaintiff alleges that "Defendant falsely or recklessly claimed that pliers contained blood without verification, contributing to [his] prosecution." SAC at 2. "[T]here is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001). A Plaintiff can prove this in two ways: (1) through direct evidence of deliberate fabrication; and (2) by producing circumstantial evidence related to a defendant's motive. *Caldwell v. City & Cnty. Of San Francisco*, 889 F.3d 1105, 1112 (9th Cir. 2018) (internal citations omitted). To prove a fabrication claim using circumstantial evidence, one must show: "(1) [d]efendants continued their investigation…despite the fact that they knew or should have known that [he] was innocent; or (2) [d]efendants used investigative techniques that were so coercive

and abusive that they knew or should have known that those techniques would yield false information." *Devereaux*, 263 F.3d at 1076 (internal citation omitted).

Here, Plaintiff alleged that "[Defendant] Stonier [ ] claimed pliers had blood on them without testing" but "later evidence showed this was false." SAC at 1. While Plaintiff alleges that "Defendant falsely or recklessly" made claims about blood found on the pliers before testing, Plaintiff fails to provide any new specific facts showing that Defendant deliberately fabricated this evidence, acted with false or reckless intent, or continued to investigate despite knowing or having reason to know that Plaintiff was innocent. *Id*. at 2. Plaintiff also provides no new facts showing that Defendant used investigative techniques so coercive and abusive that Defendant knew or should have known they would yield false information. *See* SAC. Absent such facts, the Court cannot assess whether there was false evidence deliberately fabricated by the defendant. Accordingly, Plaintiff fails to state a plausible claim for fabrication of evidence.

**CONCLUSION**

For all the reasons discussed above, IT IS HEREBY ORDERED:

1. Plaintiff's case is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).
2. The Court **GRANTS** Plaintiff forty-five (45) days from the date of this order to file an Amended Complaint which cures the deficiencies of the pleading described herein. Plaintiff is cautioned, however, that if the subsequent Amended Complaint is deficient, the Court will dismiss it with prejudice. Furthermore, should Plaintiff choose to file an Amended Complaint, it must be complete by itself, comply with the Federal Rules of Civil Procedure, including Rule 8(a), and any claim not re-alleged will be considered waived. See S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc.,* 896 F.2d at 1546 ("[A]n amended pleading supersedes the original"); *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be considered "waived if not repled"). A failure

to file an Amended Complaint will result in dismissal of this action without further order of the Court.

Dated: August 4, 2026

Hon. John A. Houston
United States District Judge